# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | CASE NO. 1:06-CV-01342-AWI-LJO-P |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| CALIFORNIA CORRECTIONAL INSTITUTION THIRD WATCH, et al., | (Doc. 1) |
| Defendants. | |
| _____/ | |

Plaintiff Willie Weaver ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 25, 2006, but has not paid the $350.00 filing fee.[1]

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002).

---

[1] Absent a showing of imminent danger of serious physical injury, plaintiff is ineligible to proceed in forma pauperis in this action because he has had at least three previous actions dismissed for failure to state a claim, frivolousness, or maliciousness. 28 U.S.C. § 1915(g). The Court takes judicial notice of case numbers 1:06-CV-00671-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU (dismissed July 17, 2006, for failure to state a claim and frivolousness); 1:06-CV-00775-OWW-LJO-P Weaver v. California Correctional Institution - Third Watch Sergeant (dismissed July 17, 2006, for failure to state a claim and frivolousness); and 1:06-CV-00863-OWW-SMS-P Weaver v. California Correctional Institution Law Library (dismissed August 1, 2006, for failure to state a claim and frivolousness).

1

1    Prisoners must complete the prison's administrative process, regardless of the relief sought by the

2    prisoner and regardless of the relief offered by the process, as long as the administrative process can

3    provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).

4    Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.

5    2002).

6          Plaintiff concedes in his complaint that exhaustion of his claim has not yet occurred.

7    Because is it clear from the face of plaintiff's complaint that he did not exhaust the available

8    administrative remedies prior to filing suit, this action must be dismissed.  42 U.S.C. § 1997e(a);

9    Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion

10   is a valid grounds for dismissal . . . .").

11         Accordingly, this action is HEREBY ORDERED DISMISSED, without prejudice, based on

12   plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting the available administrative

13   remedies prior to filing suit.

14

15   IT IS SO ORDERED.

16   **Dated:    October 3, 2006**            **/s/ Anthony W. Ishii**
     0m8i78                                UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28